**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAMI SHALHOUB,** | : | **Civil No. 1:10-CV-2640** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **OFFICER JAMES DEPRETA,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This is a civil rights action brought by Rami Shalhoub, an immigration detainee who is  confined in the York County Prison pending deportation. In his complaint, Shalhoub, who is proceeding *pro se*, names the Rochelle Park New Jersey police department, the chief of police, and a Rochelle Park police officer as Defendants. Shalhoub's complaint then alleges that the Defendants violated his civil rights almost four years ago, in January 22, 2007, when they seized and forfeited a vehicle and some $16,376 in cash from Shalhoub following a police encounter in New Jersey.

Along with his complaint, Shalhoub filed a motion for leave to proceed *in forma pauperis.* (Doc. 2.) Having conducted a preliminary review of this matter, it is recommended that this motion for leave to proceed *in forma pauperis* be granted, but

that this case should be either dismissed, or transferred to the District of New Jersey for further proceedings.

## II.   Discussion

## A.   Legal Standards Governing Sufficiency of Civil Complaints

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials.  Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a  prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be  granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal  –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has also underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

4

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal  conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a *pro se* prisoner's complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the

pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these standards, we find that the case is subject to dismissal as time-barred. In the alternative, dismissal or transfer of this case is warranted because venue does not lie in this district over the matters set forth in the complaint. Each of these threshold legal issues, which compel dismissal or transfer of this case, is discussed separately below:

## B.     The Complaint Is Time-Barred

At the outset, when conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the screening dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the

6

federal civil rights action. <u>Gera v. Commonwealth of Pennsylvania</u>, 256
Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed
the issue in a precedential decision, other courts have held that although
the statute of limitations is an affirmative defense, district court may *sua
sponte* dismiss a complaint under § 1915(e) where the defense is obvious
from the complaint and no development of the factual record is required.
<u>See Fogle v. Pierson</u>, 435 F.3d 1252, 1258 (10th Cir.2006); <u>see also</u>
<u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 656-57 (4th Cir.2006)
(citation omitted)(finding that a district court's screening authority under
§ 1915(e) "differentiates in forma pauperis suits from ordinary civil suits
and justifies an exception to the general rule that a statute of limitations
defense should not be raised and considered sua sponte.").

<u>Smith v. Delaware County Court</u> 260 F. App'x. 454, 455 (3d Cir. 2008); <u>see also</u>

<u>Jackson v. Fernandez</u>, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); <u>Hurst</u>

<u>v. City of Dover</u>, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

Applying these standards, the Court finds that the allegations in this *pro se*

complaint are clearly subject to dismissal on statute of limitations grounds.

Specifically, this complaint alleges misconduct by government actors beginning on

January 22, 2007, but the complaint was first filed nearly four years later, on

December 27, 2010. Therefore, the complaint is plainly time-barred by the statute of

limitations generally applicable to civil rights matters.  It is well-settled that claims

brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for

personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67 (1985). In

Pennsylvania, the statute of limitations for a personal injury action is two years. 42

Pa.C.S.A. § 5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations. For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000). Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991).In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic

8

acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001)

In this case, Shalhoub complains about what he characterizes as an unjustified January, 2007, seizure of cash by local police in New Jersey. This action occurred almost four years ago. To the extent that these actions entailed a violation of the Plaintiff's constitutional rights, that violation would have been apparent when it first occurred, in 2007, and the seizure and forfeiture of this cash would have long ago had a degree of permanence which should have triggered the Plaintiff's awareness of his duty to assert his rights. Thus, in this case a straightforward application of the two-year statute of limitations compels dismissal of this action as untimely.

### C.    Venue Over This Case Lies Only in New Jersey

There is a second, fundamental defect in this *pro se* complaint. This case is a federal civil rights action involving alleged misconduct by local police defendants in New Jersey. In such cases, where alleged violations of the United States Constitution form the basis for the court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, "a substantial part of the events or omissions giving rise to the claim occurred" in New Jersey. Indeed, all of the acts alleged in the complaint took place in New Jersey. Moreover,  it appears very likely that all of the Defendants either reside in, or may be found in, New Jersey. Thus, these matters and Defendants all fall within the venue of the United States District Court for the District of New Jersey. See 28 U.S.C. § 110. Therefore, it appears evident from the Plaintiff's complaint that venue over this matter lies exclusively in the United States District Court for the District of New Jersey.

While an objection to venue may be waived by a defendant, this Court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the Court gives the Plaintiff notice of its concerns and an opportunity to be heard on the issue. See e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996)(" a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). Through this report and recommendation, we are giving Shalhoub such notice in this case.

When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the court. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. §1406, and  Rule 12(b)(3) of the Federal Rules of Civil Procedure. However, the court may also, in the interests of justice, provide another form of relief, one which ensures that venue is proper without prejudicing the rights of any plaintiffs. Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, *or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought*.

28 U.S.C.A. § 1406(a)(emphasis added).

While dismissal of the action is entirely warranted both on venue and statute of limitations grounds, in the alternative, in order to protect the Plaintiff's rights as a *pro se* litigant, the Court may simply order this case transferred to the United States District Court for the District of New Jersey for further proceedings. Such a transfer order avoids any unintended prejudice to the Plaintiff which might flow from a dismissal of this action on venue grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the lack of venue in this fashion would not constitute a ruling on the merits of the Plaintiff's claims, thus assuring that the Plaintiff can have his case heard on its merits in the proper forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted). Furthermore, since an order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this court. See, e.g., Berg v. Aetna Freight Lines, Inc., No. 07-1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008); Market Transition Facility of New Jersey v. Twena, 941 F.Supp. 462 (D.N.J. 1996). Thus, while a United States Magistrate Judge could enter this order transferring the case, out of an abundance of caution we are referring this matter to the district court with a recommendation to dispose of the case either through dismissal

12

or by transferring the case to the District of New Jersey, where venue properly lies over this action.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, the current complaint fails to state a viable civil rights cause of action since venue does not lie in this district and the acts complained of are barred by the statute of limitations. Since the Plaintiff cannot reasonably correct the deficiencies identified in the original complaint, the complaint fails to state a viable civil rights cause of action in this district, and the factual and legal grounds proffered in support of the complaint make it clear that the Plaintiff has no right to relief in this court, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

While federal law compels this ruling  we recognize the concerns that motivate Shalhoub in bringing this action. We are simply unable to grant him the relief he seeks in this district.  Rather, Mr. Shalhoub should understand that he must turn to the courts

in New Jersey to address these concerns. Those courts stand ready to hear, and decide, these issues.

## III.   RECOMMENDATION

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion for leave to proceed *in forma pauperis* be granted but the Plaintiff's complaint either: (1) be dismissed for the failure to state a claim upon which relief can be granted; or (2) be transferred to the District of New Jersey for further proceedings.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of December, 2010.

                                                        ***S/Martin C. Carlson***

                                                        Martin C. Carlson

                                                        United States Magistrate Judge