NOT FOR PUBLICATION

**CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAMI SHALHOUB, | : | Civil No.  11-368 (JLL) |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| OFFICER JAMES DEPRETA, et al., | : | |
| | : | |
| Defendants. | : | |

**LINARES, District Judge.**

Plaintiff seeks to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. By way of Order dated January 18, 2011, the Honorable Yvette Kane, Chief Judge of the United States District Court for the Middle District of Pennsylvania granted Plaintiff's motion to proceed in forma pauperis in this matter and directed that the matter be transferred to the District of New Jersey.

In doing so, Judge Kane adopted the Report and Recommendation of Magistrate Judge Carlson, dated December 28, 2010, which recommended that the matter be transferred. This Court has carefully reviewed Plaintiff's Complaint, as well as Magistrate Judge Carlson's Report and Recommendation which, in addition to recommending that the matter be transferred to the District of New Jersey, recommended that the matter be dismissed as time-barred. Although Magistrate Judge Carlson relied on Pennsylvania's two-year statute of limitations for personal injury actions in determining that Plaintiff's claims were time-barred, the same statute of limitations applies in the state of New Jersey. See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006) ("For

1

section 1983 actions in New Jersey, 'that statute is N.J.S.A. 2A:14-2, which provides that an action for injury to the person caused by wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action.'").

Accordingly, **IT IS** on this **24ᵗʰ day of January, 2011,**

**ORDERED** that the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Court hereby adopts the Report and Recommendation of Magistrate Judge Carlson dated December 28, 2010, as modified above; and it is further

**ORDERED** that Plaintiff's Complaint is dismissed, without prejudice, for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the matter be and is hereby **CLOSED**; and it is further

**ORDERED** that to the extent the deficiencies in Plaintiff's claims may be cured by way of amendment, Plaintiff is granted thirty (30) days in which to file such an amended complaint; and it is further

**ORDERED** that if Plaintiff chooses to file an amended complaint within the thirty (30) days, the Court will reopen the matter for purposes of screening such complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's failure to file an amended complaint within thirty (30) days will result in dismissal of his Complaint with prejudice.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge

2